

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-09-238-CR**

VICTOR CORNELL HUNTER                                    APPELLANT

V.

THE STATE OF TEXAS                                       STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Victor Cornell Hunter of indecency with a child and the trial court sentenced him as a habitual offender to fifty years' confinement. In his sole point on appeal, Hunter challenges the trial court's denial of his *Batson* challenge to two of the State's strikes to members of the venire. *See Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986). Because we hold that the trial court did not err, we overrule Hunter's sole point and affirm the trial court's judgment.

---

[1] *See* Tex. R. App. P. 47.4.

Hunter, who is African-American, raised a *Batson* challenge when the State exercised strikes on two African-Americans on the venire panel— number four (a woman) and number twenty-three (a man).

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits race-based jury selection. *Batson*, 476 U.S. at 89, 106 S. Ct. at 1719; *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001); *Montgomery v. State*, 198 S.W.3d 67, 76 (Tex. App.—Fort Worth 2006, pet. ref'd). When reviewing a trial court's finding with regard to a *Batson* challenge, an appellate court may reverse the ruling only if it appears clearly erroneous. *Watkins v. State*, 245 S.W.3d 444, 447–48 (Tex. Crim. App.), *cert. denied*, 129 S. Ct. 92 (2008); *Montgomery*, 198 S.W.3d at 76. Because a trial court is in a unique position to make such a determination, the trial judge's decision is accorded great deference. *Watkins*, 245 S.W.3d at 448; *Montgomery*, 198 S.W.3d at 76.

Once a defendant raises a *Batson* challenge, the trial court must engage in a three-step inquiry. *Watkins*, 245 S.W.3d at 447; *Montgomery*, 198 S.W.3d at 76. First, the defendant must make a prima facie showing of racial discrimination and thus carries a burden of production. *Watkins*, 245 S.W.3d at 447; *Montgomery*, 198 S.W.3d at 76. Second, if the defendant sustains this burden, the burden shifts to the State to produce a racially neutral explanation for its challenged strike. *Watkins*, 245 S.W.3d at 447; *Montgomery*, 198 S.W.3d at 76. Third, and finally, the trial judge

2

rules on whether the opponent of the strike has proved purposeful racial discrimination. *Watkins*, 245 S.W.3d at 447.

The record here shows that, in overruling Hunter's objections to the State's strikes, the trial court noted that number twenty-three arrived for court forty-five minutes late, which the trial court observed "indicate[d] that he has no respect for the court." Later, after Hunter presented a bill asserting that the State had exercised its strikes in a racially discriminatory manner, the prosecutor explained her reasons for the challenged strikes. Specifically, she explained that she struck number twenty-three because he had a pending drug case and number four because she had a prior arrest for a criminal offense and appeared to connect with the defense attorney—beaming at him—while conversely showing little emotion when answering questions from the State.

According the trial court the deference required by law, we hold that the trial court's decisions overruling Hunter's challenges to the State's use of its strikes were not clearly erroneous. *See Watkins*, 245 S.W.3d at 447–48; *Montgomery*, 198 S.W.3d at 77. We therefore overrule Appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

3

Tex. R. App. P. 47.2(b)

DELIVERED:  August 19, 2010